T.C. Summary Opinion 2007-202

UNITED STATES TAX COURT

DIMITRI L. HARRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26168-06S.                    Filed December 3, 2007.

Dimitri L. Harris, pro se.

<u>James H. Brunson III</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.[1]

---

[1] Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.
Sec. 7491 in certain instances shifts the burden of proof to the
Commissioner where the taxpayer introduces credible evidence with
respect to any factual issue relevant to ascertaining the
liability of the taxpayer.  However, the burden shifts to the
                                              (continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $6,211.18 in Federal income tax for petitioner's 2005 tax year.

The issues for decision are whether, for the year 2005, petitioner is entitled to (1) dependency exemption deductions for two children under section 151(c); (2) head of household filing status under section 2(b)(1); (3) the earned income credit under section 32(a); (4) the child care credit under section 21(a)(1); and (5) the additional child tax credit under section 24(a).

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Atlanta, Georgia. For reasons of privacy, the two children claimed as dependents on petitioner's 2005 Federal income tax return are not identified by name and are referred to simply as the "children".

---

[1](...continued)
Commissioner only if the taxpayer has complied with all requirements as to substantiation and has maintained the necessary books and records with respect to the factual issues. The burden does not shift to respondent in this case because petitioner maintained no books and records or any other factual evidence to establish his entitlement to the principal issue, entitlement to dependency exemption deductions.

For the year 2005, petitioner timely filed a Form 1040A, U.S. Individual Income Tax Return. He filed as a head of household and reported gross wage and salary income of $22,694.50. Petitioner claimed two children as dependents, the child care credit, the additional child tax credit, and the earned income credit. In the notice of deficiency, respondent determined that petitioner's filing status was single and disallowed the two claimed dependency exemption deductions, the child care credit, the additional child tax credit, and the earned income credit.

Petitioner was not married during the year at issue; however, he lived with a woman and her four children. Petitioner was not the father of these children. On his 2005 return petitioner claimed two of the children as dependents. The two children claimed were born, respectively, in 2000 and 2002. The mother of the children was not employed during the year at issue. On his 2005 return petitioner listed the two children as his niece and nephew. Petitioner, however, was not so related to the children.

The place where petitioner, the children, and their mother lived was an apartment which was shared with another tenant. Petitioner and the co-tenant paid the rent on the apartment. The mother of the children, who was unemployed, did not pay any portion of the rent.

Sometime after petitioner had filed his 2005 return, petitioner mailed to the Internal Revenue Service (IRS) two additional returns for 2005 that were intended to be amended returns.  On one return, the two children claimed as dependents were listed as "adopted" children, and on the other return he again claimed the same two children as dependents but also claimed their mother as a dependent.  Neither of the two amended returns was accepted by the IRS.[2]

Dependency Exemption Deductions

The first issue is whether petitioner is entitled to claim dependency exemption deductions for two children of the woman with whom he lived.  Under section 151(a), a taxpayer may be entitled to a dependency exemption deduction for each of his or her dependents.  However, a taxpayer is entitled to claim a dependency exemption deduction only if the claimed dependent is a qualifying child or a qualifying relative under section 152(c) or (d).  Under section 152(c)(1)(A), a qualifying child is a child who bears a relationship to the taxpayer under section 152(c)(2).  That relationship, for purposes of this case, exists if the claimed dependent is either a child of the taxpayer or a

_____

[2]  At trial, petitioner explained that the purpose of one of the amended returns was to clarify that the two claimed dependent children on the original return were not his niece and nephew, but because he and the mother of the children were planning to marry, the two children would be considered "adopted children" and thus qualify as dependents.  The second amended return included the same two children and also the mother as dependents.

descendant of such child, or is a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative. Sec. 152(c)(1) and (2). The two children claimed as dependents by petitioner do not fall within any of the relationship requirements of section 152(c) described above since petitioner and the mother of the children were not married in 2005. Hence, the children do not qualify as stepchildren of petitioner. Therefore, the Court holds that petitioner is not entitled to the dependency exemption deductions for the two children of the woman with whom he lived during the year at issue, and respondent's determination is sustained.[3]

Head of Household Filing Status

The second issue is whether petitioner is entitled to head of household filing status under section 2(b)(1).

---

[3] Sec. 152(a)(2) allows a "qualifying relative" as a dependent. Sec. 152(d)(2)(H) defines a qualifying relative as an individual who has the same principal place of abode as the taxpayer and is a member of the taxpayer's household. At trial, petitioner did not assert that the two children were qualifying relatives, nor did he present any evidence to establish that he provided more than one-half of the total support for the two children. Petitioner, the children, and their mother lived in an apartment in which petitioner was a co-tenant with another individual. It appears from the record that the cotenant paid at least half of the rent for the apartment. No evidence was presented to establish the total amount of support provided to the two children for the year at issue. A taxpayer who cannot establish the total amount of support provided to a claimed dependent generally may not claim that individual as a dependent. Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971).

Section 1(b) imposes a special tax rate on an individual filing a Federal income tax return as head of household. Section 2(b)(1) defines "head of a household" as an individual taxpayer who: (1) Is unmarried at the close of the taxable year; and (2) maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a qualifying child of the taxpayer or a dependent of the taxpayer with respect to whom the taxpayer is allowed a dependency exemption deduction under section 151. Sec. 2(b)(1)(A). Since this Court concludes that the children were not qualifying children of petitioner as defined in section 152(c) and that petitioner is not entitled to dependency exemption deductions for the children under sections 151 and 152(d)(2)(H), it follows that petitioner is not entitled to head of household filing status. Respondent's determination is sustained on this issue.

Earned Income Credit

The third issue is petitioner's claim to the earned income credit under section 32(a). Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). A qualifying child means a qualifying child of the taxpayer as defined in section 152(c). Sec. 32(c)(3). As discussed above, petitioner is not entitled to the earned income

credit because the two children upon whom petitioner claims the earned income credit are not qualifying children.  Respondent, therefore, is sustained on this issue.

Child Care Credit

The fourth issue is whether petitioner is entitled to claim the child care credit under section 21(a).

Section 21(a) generally allows a credit against the tax to any individual who maintains a household that includes as a member one or more qualifying individuals.  The term "qualifying individual", under section 21(b), includes a dependent of the taxpayer (as defined in section 152(a)(1)) under age 13.  The allowable credit, under section 21(b)(2), generally is based upon employment-related expenses that are incurred to enable the taxpayer to be gainfully employed, including expenses incurred for the care of a qualifying individual.  Petitioner is not entitled to the child care credit for the same reason he is not entitled to the dependency exemption deductions for the two children.  Further, petitioner failed to establish that he incurred employment-related expenses for the care of the children that enabled him to be employed.  Respondent is sustained on this issue.

Additional Child Tax Credit

The final issue is whether petitioner is entitled to claim the additional child tax credit under section 24.

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer. The term "qualifying child" is defined in section 24(c). As relevant to this case, a qualifying child means a qualifying child as defined in section 152(c) who has not reached the age of 17. Sec. 24(c)(1).

Earlier in this opinion, the Court held that the children were not qualifying children of petitioner as defined in section 152(c). Accordingly, petitioner is not entitled to the additional child tax credit under section 24(a). Respondent is sustained on this issue.

Decision will be entered

for respondent.